UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DUSTIN BARRAL,<br><br>                Petitioner,<br>    v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                Respondents. | Case No. 3:23-cv-00386-MMD-CLB<br><br>ORDER |

**I.      SUMMARY**

Petitioner Dustin Barral, a *pro se* Nevada prisoner, commenced this action by filing a Motion to Vacate Judgment and/or Correct Illegal Sentence (ECF No. 1-1) as well as an Application for Leave to Proceed *In Forma Pauperis* ("IFP") (ECF No. 3). The Court found that Petitioner did not qualify for a fee waiver, denied his IFP application, and instructed him to pay the $5 filing fee. (ECF No. 4.) In his Motion to Vacate Judgment and/or Correct Illegal Sentence, Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County, arguing that the state court lacked subject matter jurisdiction. (ECF No. 1-1.) The Court instructed Petitioner to file a petition for writ of habeas corpus on the Court's required § 2254 form if he intends to pursue a federal habeas case under 28 U.S.C. § 2254. (ECF No. 4 at 2.) The Court warned that his failure to timely and fully comply with the order would result in a dismissal of this action without prejudice and without further advance notice. (*Id.*) Although Petitioner paid the $5 filing fee on September 21, 2023, he did not file a petition for writ of habeas corpus on the Court's required form.[1] (ECF No. 5.)

---

[1] The Court notes that Petitioner filed a petition for writ of habeas corpus in a separate case. *See Barral v. Garrett*, Case No. 3:23-cv-00438-MMD-CLB. The Court instructed Petitioner to show cause why the action should not be dismissed as untimely. *Id.* at ECF No. 5. Following a response to the order to show cause, the Court dismissed the action without prejudice as time barred. *Id.* at ECF No. 7.

## II.  DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissing an action for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, a court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

"implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" has been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because litigation cannot progress without Petitioner's compliance with court orders, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. Accordingly, the fifth factor favors dismissal.

### III.    CONCLUSION

It is therefore ordered that this action is dismissed without prejudice based on Petitioner Dustin Barral's failure to comply with the Court's order (ECF No. 4.)

It is further ordered that a certificate of appealability is denied as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

The Clerk of Court is further directed to add Nevada Attorney General Aaron D. Ford as counsel for respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office, according to Rule 4 of the Rules Governing Section 2254 Cases. No response is required from Respondents other than to respond to any orders of a reviewing court.

The Clerk of the Court is further directed to enter final judgment accordingly and close this case.

DATED THIS 2nd Day of November 2023.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE